**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES LELAND RADER; KAREN SUE
RADER,
Plaintiffs-Appellees,

v.

No. 97-1134

AMERICAN ASSOCIATION OF CHRISTIAN
SCHOOLS, a corporation; GALLAGHER
BASSETT SERVICES, INCORPORATED, a
corporation,
Defendants-Appellants.

JAMES LELAND RADER; KAREN SUE
RADER,
Plaintiffs-Appellants,

v.

No. 97-1174

AMERICAN ASSOCIATION OF CHRISTIAN
SCHOOLS, a corporation; GALLAGHER
BASSETT SERVICES, INCORPORATED, a
corporation,
Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Jerry D. Hogg, Magistrate Judge.
(CA-96-710-2)

Argued: October 29, 1997

Decided: August 4, 1998

Before WILKINS and MOTZ, Circuit Judges, and CAMPBELL,
Senior Circuit Judge of the United States Court of Appeals for the
First Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Steve L. Cummings, Decatur, Georgia, for Appellants.
William H. Scharf, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The American Association of Christian Schools (AACS) and Gallagher Bassett Services, Incorporated appeal a magistrate judge's order[1] granting summary judgment to James Leland Rader and Karen Sue Rader on their claim for coverage under a health benefits plan. The Raders cross appeal the denial of their request for attorneys' fees. We affirm.

I.

The essential facts are undisputed. Karen Rader is employed as a teacher at Elk Valley Christian School in Elkview, West Virginia. Elk Valley Christian School is a member of AACS, which provides a health benefits plan (the Plan) to the employees of its members. The Plan is administered by Gallagher Bassett Services, Incorporated.[2]

_____

[1] The proceedings in this action were conducted by a magistrate judge pursuant to the consent of the parties. See 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1998).
[2] For ease of reference, we refer to AACS and Gallagher Bassett Services, Incorporated collectively as "Gallagher."

2

Karen Rader elected coverage under the Plan and listed her husband, James Rader, as a dependent.

In 1988, James and a friend, Terry Bradshaw, formed a partnership, T&J Painting. All of the work of T&J Painting has been performed solely by the two partners. The parties agree that when the partnership was formed, it was not required to furnish contributions to the workers' compensation fund of West Virginia (the Fund) on behalf of the partners, and that the partnership was not required to notify the Fund of a decision not to participate. T&J Painting has never contributed to the Fund.

In September 1994, James was injured during the course of his employment with T&J Painting. He subsequently filed a claim for benefits under the Plan. Gallagher denied the claim on the basis of a provision in the Plan that precludes coverage for, inter alia,

> [a]ny accidental bodily injury which arises out of or in the course of any employment with any Employer and/or for which the individual is entitled to benefits under any workers' compensation law or ... receives any settlement from a workers' compensation carrier.

J.A. 111. Gallagher asserted that James was entitled to receive workers' compensation benefits notwithstanding the failure of T&J Painting to make contributions to the Fund, and thus that James was excluded from coverage under the Plan.[3]

The Raders thereafter brought this action in state court, claiming entitlement to benefits under the Plan. Gallagher then removed the action to federal court on the basis of diversity of citizenship. After discovery, the magistrate judge granted summary judgment to the

_____

[3] We note that the language of the Plan appears to prohibit coverage for injuries that either "arise[ ] out of or in the course of any employment with any Employer" or for which the injured person is entitled to workers' compensation benefits. J.A. 111. To our knowledge, however, Gallagher has never maintained that James is excluded from coverage on the basis that his injury was sustained during the course of his employment, regardless of his eligibility for workers' compensation benefits.

3

Raders on their claim that Gallagher had improperly denied benefits under the Plan.

II.

The parties agree that the dispositive question is whether James was entitled to workers' compensation benefits under West Virginia law in September 1994. At that time, West Virginia required participation in the Fund by, inter alia, "all persons, firms, associations and corporations regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in" West Virginia. W. Va. Code § 23-2-1(a) (1994). **4** An employer required to subscribe to the Fund paid premiums calculated as a percentage of its payroll. See W. Va. Code§ 23-2-5(a) (1994). However, nonpayment of premiums by an employer did not prohibit an employee from collecting benefits from the Fund. See W. Va. Code § 23-2-5(g) (1994) ("No employee of an employer required ... to subscribe to the [Fund] shall be denied benefits ... because the employer failed to subscribe or because the employer's account is either delinquent or in default.").

After determining that whether James was eligible for workers' compensation benefits raised unsettled issues of West Virginia law, we certified the following questions to the Supreme Court of Appeals of West Virginia:

> (1) Under the law of West Virginia as it existed in 1994, was a partnership that did not employ anyone other than the members of the partnership an employer within the meaning of W. Va. Code § 23-2-1(a) (1994), such that the partnership was required by West Virginia law to furnish contributions to the workers' compensation fund on behalf of the members of the partnership?
>
> (2) If a partnership that did not employ anyone other than the members of the partnership was an employer within the meaning of § 23-2-1(a), but did not furnish the required con-

_____

**4** This requirement was subject to certain exceptions not applicable here.

4

tributions to the workers' compensation fund and did not elect not to include the members of the partnership as employees pursuant to W. Va. Code § 23-2-1(g)(2), (h) (1994), was a member of the partnership entitled to receive workers' compensation benefits pursuant to W. Va. Code § 23-2-5(g) (1994)?

The Supreme Court of Appeals of West Virginia answered the first question in the negative and consequently found it unnecessary to address the second question. See Rader v. American Ass'n of Christian Sch., ___ S.E.2d ___ (W. Va. 1998). Accordingly, we affirm the judgment in the Raders' favor.[5]

AFFIRMED

_____

[5] The Raders cross appeal the denial of their request for attorneys' fees pursuant to 29 U.S.C.A. § 1132(g) (West 1985). After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the magistrate judge did not abuse his discretion in denying the request for attorneys' fees. See Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1028-30 (4th Cir. 1993) (en banc).